**IN THE UNITED STATES DISTRICT COURT FOR SOUTHERN
DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| Category 5 Management ) | |
| Group, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case: 1:09-CV-00633 |
| ) | |
| National Casualty Insurance Company, ) | |
| Ace American Insurance Company, ) | |
| Colonel McCrary Trucking, Inc. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO REMAND**

COMES NOW the plaintiff, CAT 5 Management Group, LLC (hereinafter "CAT 5"), and hereby responds to the defendants' opposition to plaintiff's Motion to Remand, jointly and severally, as follow:

**REMAND AS TO COLONEL MCCRARY TRUCKING, INC.**

In response to Colonel McCrary Trucking, Inc.'s ("CMT"), opposition to remand, and, accepting as true CMT's argument that the time began to run for removal on November 6, 2008, when it was served with the underlying Cross-Claim for indemnity, it is clear that CMT did not seek to invoke the jurisdiction of this Court by either filing a notice of removal or by pursuing the very same course it pursued later (by filing a motion to sever the claims of CAT 5 against it) within 30 days from the service of that pleading. Indeed, CMT made no effort to attempt removal of CAT 5's claims in federal court and instead filed an Answer to the Cross-Claim and evidenced intent, in the months following, to litigate CAT 5's claims against it in State Court. It was not until the Cross-Claim was amended to add National Casualty Insurance Company ("National

Casualty") and Ace American Insurance Company ("Ace") that CMT sought severance of CAT 5's claims, following on the coat-tails of the two insurance companies in doing so. It is CAT 5's position that CMT's failure to either remove the case within 30 days of service of the Cross-Claim from the time CMT claims it became operable, or to position the claims for removal by timely filing a severance motion, and by actively defending the claims asserted by CAT 5 against it in State Court, that it waived its rights to remove. The posture of the underlying case was no different when CMT finally filed its Motion to Sever than when the Cross-Claim was, by their contention, effectively served on it.

## REMOVAL AS TO NATIONAL CASUALTY AND ACE

Should this Court determine that CMT improvidently removed CAT 5's claims to federal court and enters an order to remand, then this Court should also remand the claims asserted against National Casualty and Ace based upon the Colorado River abstention doctrine. Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976).

It is undisputed that CAT 5 had a contract in existence at the time of the underlying automobile accident with CMT and that the contract provided for CMT to indemnify CAT 5. The existence of this contract provides, in part, the basis for CAT 5's position that it meets the definition of insured under both National Casualty and Ace insurance policies. The policies at issue provide coverage for contracts of indemnity entered into by its named insured, in this case CMT. National Casualty and Ace in their joint opposition to remand state, "CAT 5 does not elaborate on its claims that it 'meets the definition of insured,'…" See, Opposition to Remand filed by National Casualty and Ace, p.16. CAT 5's Amended Cross-Claim makes clear the basis for its claims for coverage under the two applicable insurance policies. Indeed, the very

argument that National Casualty and Ace assert with respect to disputes of coverage under the policies illustrates conclusively the fact that the claims against CMT and against the two insurance companies are closely intertwined and should not be the subject of two separate, independent, and parallel actions, one in State Court and the other in federal court. This is exactly the type of case for which the Colorado River abstention doctrine should apply. Should this Court determine that the claims against CMT are due to be remanded to State Court, CAT 5 respectfully argues and moves the Court herein to also remand its claims against National Casualty and Ace under the principles set forth by the Colorado River case.

             Respectfully submitted,

             */s/ Charles J. Potts*_____
             E-mail cjp@killionpotts.com
             Attorney for Plaintiff CAT 5

KILLION POTTS, PC
Post Office Box 1883
Mobile, AL 36633
(251) 432-4600

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 16, 2009, the foregoing Plaintiff's Response to Defendants' Opposition to Remand was electronically filed with the Clerk of this Clerk of this Court using CM/ECF system which will send notification of such filing to the following:

Cooper C. Thurber, Esq.
Katherine Amanda Herndon, Esq.
Post Office Box 2727
Mobile, Alabama 36652

Kevin F. Masterson, Esq.
Post Office Box 2067
Mobile, Alabama 36652


Rik S. Tozzi, Esq.
M. Warren Butler, Esq.
Scott M. Salter, Esq.
Michael T. Scivley, Esq.
Starnes & Atchison LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

Edgar M. Elliott, IV, Esq.
Masterson & Newell, LLC
Post Office Box 2067
Mobile, AL 36652