IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CATEGORY 5 MANAGEMENT GROUP, LLC, *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *    Civil Action: 09-00633-CG-B
                                  *
NATIONAL CASUALTY INSURANCE,      *
COMPANY, *et al.*,                *
                                  *
    Defendants.                   *

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Plaintiff's Motion to Remand. (Doc. 43). Upon review of Plaintiff's motion, and supporting briefs and materials, and Defendants' briefs in opposition, the undersigned **recommends** that Plaintiff's Motion to Remand be **DENIED.**

### I. Background

The Court is well acquainted with the facts underlying this case.[1] In Stewart, et al. v. Johnson, et al., CV 08-00200-WS-B, District Judge William Steele, in an Order dated July 11, 2008, observed the following:

---

[1] There have been two previous lawsuits in connection with the events underlying the instant action, namely Sprinkle, et al. v. Johnson, et al., CV 07-00713-WS-B and Stewart, et al. v. Johnson, et al., CV 08-00200-WS-B. Both cases were remanded back to the circuit court due to lack of diversity.

On July 11, 2007, according to the complaint, Joe Edward Johnson ran a red light at the intersection for two Baldwin County highways and struck a vehicle, driven by Tracey Lee Stewart, on the front passenger door. Just inside that door sat Celena Sprinkle, who suffered a severe head injury as a result. Celena's daughter [F.S.], who was in the back seat, was rendered a quadriplegic. Celena's sister Tracey was also hurt. (Doc. 5, ¶¶ 11-13).

In August 2007, the three injured parties brought suit in Mobile County Circuit Court against Johnson and two artificial entities. The entity defendants (Johnson had not been served with process) removed the action in October 2007 on the basis of diversity of citizenship. Sprinkle v. Johnson, Civil Action No. 07-0713-WS-B. The plaintiffs moved to remand on the grounds that Johnson, like Celena and Faith, was a citizen of Alabama. (Id., Doc. 5). This Court ruled that the removing defendants had failed to carry their burden of showing that Johnson was not a citizen of Alabama, granted the plaintiffs' motion, and remanded the case to state court. (Id., Doc. 7).

In January 2008, the plaintiffs[2] filed an amended complaint which, inter alia, added four defendants, including Newleaf Disaster Management ("Newleaf") and Category 5 Management Group, LLC ("Category 5"). (Doc. 22 Part 7). According to the lengthy state court docket sheet, each of these defendants was served in January, and some of them responded to the complaint, but none of them removed the action. Instead, Johnson removed on April 18 after being served on March 19, on the same basis as the first, failed removal — that he is not a citizen of Alabama and that complete diversity therefore exists.

Given the allegation of quadriplegia, there is no question but that the amount in controversy, exclusive of interest and costs, exceeds $75,000, and the parties do not argue otherwise. They also agree that David,

---

[2] Shortly before the instant removal, David and Patricia Stewart, as the guardian and conservator of their daughter Celena and their granddaughter [F.S.], were substituted as party plaintiff.

> Patricia, Celena and Faith are citizens of Alabama and that Newleaf and Category 5 are citizens of Florida. (Doc. 1 at 3; Doc. 22 Part 7, ¶¶ 32-33). The issues are whether Tracey is also a citizen of Florida and whether Johnson is also a citizen of Alabama. If either of these propositions is correct, complete diversity is lacking and remand is required. Because the Court finds the first proposition correct, it pretermits consideration of the second.

(CA No. 08-00200-WS-B, Doc. 58) (Footnote in original).[3]

As noted above, a personal injury lawsuit, namely <u>Sprinkle, et al. v. Johnson, et al.</u>, CV 2007-900950, was filed in the Circuit Court of Mobile County, Alabama, on August 7, 2007 by Celena Sprinkle, individually and as mother of F.S., and by Tracey Lee Stewart. (Docs. 1, Ex. A; 45, Ex. A). Along with Joe Edward Johnson, Colonel McCrary Trucking, Inc. (hereinafter "CMT"), Category 5 Management Group, LLC (hereinafter "CAT 5") and R.D. Construction were named as defendants. (<u>See</u> <u>id.</u>; Doc. 45, Ex. B). On September 26, 2008, CAT 5 moved for leave to file a cross-claim against CMT in the state court and attached thereto the proposed cross-claim seeking indemnification based upon provisions of a contract between CAT 5 and CMT. (Doc. 45, Ex. C). On October 3, 2008, a Consent Judgment and Order Approving Pro Tanto, Pro Ami Settlement was entered on behalf of the Stewart/ Sprinkle plaintiffs and defendants CMT, R.D. Construction, and Joe Edward Johnson. (Doc. 45, Ex. D). The Stewart/ Sprinkle plaintiffs' claims

---

[3] The Court takes judicial notice of its records. <u>ITT Rayonier, Inc. v. United States</u>, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

3

against CAT 5 remained pending.

CAT 5's motion for leave to file cross-claim was granted by the circuit court on October 9, 2008, (Doc. 45, Ex. E). Subsequent thereto, CAT 5, on November 6, 2008, filed its cross-claim against CMT (Doc. 1, Ex. D). CMT filed an answer and motion to dismiss the cross-claim on November 6, 2008, and November 7, 2008, respectively. (Doc. 43, Ex. 2, Case Action Summary). The motion to dismiss was denied on March 13, 2009. (Doc. 43, Ex. 2, Case Action Summary).

On January 6, 2009, CAT 5 filed an amended cross-claim. In the amended cross-claim, CAT reasserted its claims against CMT and added third party claims against National Casualty Insurance Company (hereinafter "National Casualty") and ACE American Insurance (hereinafter "ACE"). CAT 5 alleged breach of contract, third party beneficiary status, bad faith, and negligence. (Doc. 1, Ex. C). National Casualty, CMT, and ACE each filed separate motions to sever the cross-claim from the underlying personal injury action on February 27, 2009, March 9, 2009, July 13, 2009, respectively. (Doc. 1, Exs. E - G). The motions were granted by the circuit court on September 18, 2009 (Doc. 1, Ex. H). Shortly thereafter, Defendants National Casualty, ACE, and CMT filed, on September 28, 2009, a joint Notice of Removal on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and

1446.[4] (Doc. 1). Defendants assert that there is diversity of citizenship as Plaintiff is incorporated in Florida, and has its principal place of business there, National Casualty is incorporated in Arizona and has its principal place of business there, ACE is incorporated in Pennsylvania and has its principal place of business there, and CMT is incorporated in Georgia and has its principal place of business there. (Id.) Defendants further assert that the amount in controversy exceeds the statutory threshold as the primary policy which Plaintiff seeks to recover under has policy limits of $1,000,000.

In its motion seeking remand, Plaintiff CAT 5 does not dispute that there is diversity of citizenship nor does Plaintiff claim that the amount in controversy has not been met. Instead, Plaintiff asserts that this Court has no jurisdiction over this case because the Notice of Removal is untimely as to CMT because CMT sought removal beyond the thirty day and one year limitation periods contained in 28 U.S.C. § 1446(b). Plaintiff also argues that because CMT's removal was untimely, CMT could not give its consent to removal by co-defendants National Casualty and ACE; therefore, the unanimity requirement for removal is lacking. In addition,

---

[4]CAT 5 incorrectly asserts the CMT removed this action on September 29, 2009, a day after ACE and National Casualty removed this case. (Doc. 43). However, a review of the case docket and the Notice of Removal (Doc. 1) reveals that all three Defendants filed a joint Notice of Removal, which was docketed in this Court on September 28, 2009.

5

Plaintiff argues that by actively defending the claims asserted by CAT 5, CMT waived its right to remove. Additionally, Plaintiff argues that should the Court agree that CMT's removal was untimely and remand, the Court should refrain from exercising jurisdiction over claims against ACE and National Casualty under the abstention doctrine as set forth in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). Defendants, in turn, filed a response in opposition to Plaintiff's motion. Defendants contend that removal is appropriate as CMT's Notice of Removal was timely filed, complete diversity exists among the parties, and the amount in controversy requirement has been met. (Docs. 45, 46).

## II. Discussion

United States "district courts ... have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). Remand, however, is

appropriate when there is a defect in the removal process. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001). Generally, the removing party bears the burden of showing that federal jurisdiction exists. Diaz v. Sheppard, 85 F.3d. 1502, 1509 (11th Cir. 1996).

**A. Thirty Day Window**

The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b), which reads in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The Eleventh Circuit has stated that in answering the question of when an action is removable, 28 U.S.C. § 1446(b) creates two types of cases: "(1) those removable on the basis of the initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'"

7

See Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." Id. Thus, if the case is removable on the initial pleading, the thirty day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). The statute only allows resort to the second sentence of § 1446(b) "[i]f the case stated by the initial pleading is not removable...." § 1446(b).

In the case sub judice, it is clear that when the original, underlying personal injury action was filed in state court, it was not removable. As noted supra, two attempts to remove the original action to federal court failed due to lack of diversity. While CAT 5 filed a cross claim and an amended cross claim on November 6, 2008, and January 6, 2009 respectively, those pleadings did not make the case removable. The record reflects that Tracey Stewart, who was a named plaintiff in the original action, and CAT 5, who was a named defendant in the original action, are both citizens of Florida. Thus, CAT's filing of the cross-claim and amended cross-claim in the original state court action did not have any impact on

the issue of removability. There still existed a lack of diversity between Tracey Stewart and CAT 5. It was only once the state court severed this action from the original underlying personal injury action that this case became removable. With the severance, the amended cross-claim was no longer a part of the original personal injury action, but was instead an entirely separate and independent action. See Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala. 1976) (finding under Alabama law that severed claims become entirely independent actions to be tried, and judgment entered thereon, independently). Because Tracey Stewart was not a party to the amended cross-claim, there then existed complete diversity between CAT and the Defendants. Given that the Joint Notice of Removal was filed within thirty days of the state court's September 18, 2009 severance order, it is clear that Defendants, including CMT, removed this action within thirty days of receiving the document that provided the basis for removal[5].

---

[5] While Plaintiff asserts that Defendant CMT waived its right to remove by participating in the state court action, the law is clear that a party cannot waive a right that it does not yet have. See Cruz v. Lowe's Home Centers, 2009 U.S. Dist. LEXIS 66146 (M.D. Fla. July 21, 2009)(Defendant did no waive its right to remove the state court action when it participated in discovery and the case management conference because the right to remove was not yet available to the defendant); Del Rio v. Scottsdale Ins. Co., 2005 U.S. Dist. LEXIS 29992 (M.D. Fla. Nov. 18, 2005)("In order to waive the right to removal ... a defendant must proceed in state court despite having notice of its right to remove the case.").

The determination of whether a defendant has waived his right to remove due to his active participation in the state

9

**B. One Year Limitation**

In addition to requiring that an action be removed within thirty days of receiving "the document that provides the basis for removal," 28 U.S.C. § 1446(b) also provides that "a case may not be removed on the basis of jurisdiction conferred by 28 U.S. U.S.C. §

---

court proceedings is made on a case-by-case basis. <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244, 1246 (11th Cir. 2004). "As a general rule, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" <u>Fain v. Biltmore Sec., Inc.</u>, 166 F.R.D. 39, 40 (M.D. Ala. 1996) (quoting <u>Beighley v. FDIC</u>, 868 F.2d 776, 782 (5th Cir. 1989)). "In order to find that a defendant waived its right to remove, a court must find that the defendant clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction." <u>Haynes v. Gasoline Marketers, Inc.</u>, 184 F.R.D. 414, 416 (M.D. Ala. 1999).

The Eleventh Circuit has held that the filing of a motion to dismiss, in and of itself, does not waive a defendant's right of removal. <u>See</u> <u>Yusefzadeh</u>, 365 F.3d at 1247; <u>Cogdell v. Wyeth</u>, 366 F.3d 1245, 1249 (11th Cir. 2004). Other district courts from this Circuit have found that filing an answer in state court does not waive removal. <u>See</u>, <u>e.g.</u>, <u>Miller v. All Star, Inc.</u>, 2010 U.S. Dist. LEXIS 31187, at *9 (N.D. Ga. Feb. 10, 2010); <u>Franklin v. City of Homewood</u>, 2007 U.S. Dist. LEXIS 47586, at *6 (N.D. Ala. June 21, 2007); <u>Haynes</u>, 184 F.R.D. at 417. In addition, the right to removal was not waived by the filing of a motion to stay and compel arbitration, an answer with affirmative defenses, a motion for a more definite statement, interrogatories, or requests for production of documents, <u>see</u> <u>Fain</u>, 166 F.R.D. at 41-42; <u>Brown v. Sasser</u>, 128 F. Supp. 2d 1345, 1347-48 (M.D. Ala. 2000), or the by the filing of deposition notices, <u>see</u> <u>Bolden v. Healthspring of Ala., Inc.</u>, 2007 U.S. Dist. LEXIS 77950, at *4-5 (S.D. Ala. Oct. 2, 2007). Rather, these actions were found to be "preliminary actions in a lawsuit, not at all comparable to the sort of dispositive motion addressing the merits of a case that arguably might most clearly demonstrate an intent to litigate." <u>Brown</u>, 128 F. Supp. 2d at 1348. Thus, the fact that CMT was in receipt of the cross-claim and had filed an answer and motion to dismiss is of no consequence.

1332 more than one year after commencement of the action." 28 U.S.C. § 1446(b). Accordingly, the next question before the Court is whether the Notice of Removal was filed within one year of the commencement of the action. "[I]n the specific context of cases removed from state court, federal courts have held that the meaning of the term "commencement" in 28 U.S.C. § 1446(b) is determined by state law. Eufaula Drugs, Inc. v. Tmesys, Inc., 432 F. Supp. 2d 1240, 1246 n. 8 (M.D. Ala. 2006); Greer v. Skilcraft, 704 F. Supp. 1570, 1583 (N.D. Ala. 1989).

Under Rule 3 of the Alabama Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." In this case, the record reflects that CAT's cross-claim was filed on November 6, 2008. While the original, underlying personal injury action filed in state court in 2007, CAT's cross claim was severed from the original action. In Phillips v. Unijax, Inc., 625 F.2d 54, 56 (5th Cir. 1980)[6], the Fifth Circuit considered whether a state court order granting a plaintiff's motion for separate trial created two independent lawsuits, one of which was removable pursuant to § 1441(a) on the basis of diversity jurisdiction. Id. The Phillips Court, applying Alabama state law, drew a distinction between a state court order granting separate trials, which does

---

[6]The Eleventh Circuit in Bonner v City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

not result in two distinct lawsuits, and a state court order resulting in "entirely independent actions to be tried, and judgment entered thereon, independently." Id. (citations omitted). The Fifth Circuit observed that in the latter case, an argument for removal "might have merit." Id.

Following Phillips, courts confronting the issue of whether a "severed" claim results in an independent lawsuit have focused the inquiry on whether the state court intended to merely separate a plaintiff's claims for trial purposes or whether the state court proceedings prior to removal resulted in a true separation of claims into two distinct lawsuits. See Miller v. Fulton, 113 F. Supp. 2d 1035, 1039 (S.D. Miss. 2000)(applying Mississippi law and granting remand on the ground that although the state court ordered that plaintiff's claims be "severed," the defendant has not satisfied its burden of establishing that the state court intended to separate the claims into two lawsuits as opposed to merely separate trials); Johnson v. Snapper Div. of Fuqua Indus., Inc., 825 F. Supp. 127, 130-31 (E.D. Tex. 1993)(denying remand and exercising jurisdiction over "severed" claims where an agreed order of severance explicitly provided that the severed claims would be separately numbered and captioned lawsuits that would result in separate final judgments which would be separately appealed).

In this action, Plaintiff has not argued, and there is nothing in the record to suggest that the state court severed the trials in

this action, as opposed to severing the cross-claim from the underlying original action. A review of Defendants' Motions to Sever reflect that Defendants were seeking to sever the cross-claim from the underlying personal injury action. While the state court's orders granting the motions consist of one line, there is nothing to suggest that the severance was merely for trial purposes. Accordingly, the undersigned finds that under Alabama law, the severance resulted in a separate and independent action. As noted supra, the cross-claim was filed in state court on November 6, 2007. Pursuant to Rule 3 of the Alabama Rules of Civil Procedure, the undersigned finds that the date of filing, November 6, 2008, is the date on which this action commenced[7]. The record reflects that Defendants' Joint Notice of Removal was filed on September 28,

---

[7]Defendants argue that this action did not commence until January 6, 2009 when the amended cross-claim was filed and served on the newly added defendants; however, Defendants have not cited any binding precedent in support of their assertion. Contrary to Defendants' argument, the undersigned finds persuasive the court's decision in Desmond v. HSBC Card Services, 2009 U.S. Dist. LEXIS 76091 (M.D. Fla. Aug. 6, 2009). In Desmond, the court rejected the "last served" defendant's argument that the action was not commenced against it until it was served with process and with the amended complaint. In rejecting the defendant's claim, the court observed that while the Eleventh Circuit, in Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008), adopted the "last served" defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b), the Bailey decision did not address the one year limitation, which runs from the commencement of the action. The court held that the one year limitation depends on the filing of an "action" as opposed to the filing of an "amended complaint."

2009, which was within the one year limitation period imposed by § 1446. Accordingly, the Notice of Removal was timely filed as to all Defendants, including CMT.

    C. <u>The unanimity requirement</u>.

Assuming arguendo that CMT's Notice of Removal has been untimely filed, CAT 5's assertion that unanimity is lacking would nevertheless fail. CAT 5 alleges that CMT's failure to timely file its notice of removal prohibits it from consenting to the removal filed by ACE and National Casualty; thus, unanimity is lacking. When there are multiple defendants, "federal courts have universally required unanimity of consent in removal cases." <u>Russell Corp.</u>, 264 F.3d at 1050. In support of its lack of unanimity argument, Plaintiff CAT 5 relies on <u>Air Starter Components, Inc. V. Molina</u>, 442 F. Supp. 2d 374 (S.D. Tex. 2006), which follows the "first served defendant rule"; however, the Eleventh Circuit recently adopted the "last served defendant rule." Under the "last served defendant rule," a defendant who failed to file a notice of removal within thirty days of service is permitted to join in a notice of removal filed by a later-served defendant so long as the later served defendant's notice of removal is timely filed. Specifically, the Eleventh Circuit held:

> The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. The last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of

14

> removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.

Bailey, 536 F.3d at 1207 (citations omitted); see Hill Dermaceuticals, Inc. v. RX Solutions, 306 Fed. Appx. 450, 453 (11th Cir. 2008) ("We recently adopted the 'last-served defendant' rule, which accords each defendant thirty days to remove an action.").

Under the rule, an earlier-served defendant, such as CMT, is allowed to consent to a timely notice of removal by a later-served defendant even if it earlier waived the right to independently seek removal. Bailey, 536 F.3d at 1207. The consent of an earlier-served defendant to a timely motion by a later-served defendant may be manifested by "some timely written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Getty Oil Corp., Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). In this case, it is undisputed that through the joint Notice of Removal, all Defendants consented to the removal of this action. See (Doc. 1, Notice of Removal). CAT 5 does not dispute that third-party defendants ACE and National Casualty timely filed their Notice of Removal. Accordingly, pursuant to Bailey, CMT may properly join in National Casualty and ACE's notice

of removal even if it had earlier waived its right to independently seek removal by failing to timely file a notice of removal. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999)(A first-served defendant may consent to the later served defendants' removal "despite having already failed in its own efforts to remove").

The joint Notice of Removal was timely filed and the unanimity requirement was met; thus, Plaintiff's Motion to Remand should be denied. It is so recommended.

## IV. Conclusion

Based upon a careful review of Plaintiff's motion, supporting briefs, and the briefs in opposition and the response thereto, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[8]

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **19th** day of **May, 2010.**

           **/s/ SONJA F. BIVINS**
         **UNITED STATES MAGISTRATE JUDGE**

---

[8]Because the undersigned is recommending that Plaintiff's motion to remand be denied, no discussion of the principles set forth by the U.S. Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) is necessary.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[9] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[9]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14)days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

> **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**